UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CONSENT PRELIMINARY ORDER |
| - v. - : | OF FORFEITURE/ |
| : | <u>MONEY JUDGMENT</u> |
| MESSIAH JACKSON : | |
| : | 22 Cr. 641 (PMH) |
| a/k/a "Two," : | |
| : | |
| Defendant. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about November 29, 2022, MESSIAH JACKSON (the "Defendant"), among others, was charged in four counts of a fifteen-count Indictment, 22 Cr. 641 (PMH) (the "Indictment"), with racketeering conspiracy, in violation of Title 18, United States Code, Section 1962(d); Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Count Eight); brandishing a firearm in connection with a crime of violation, in violation of Title 18, United States Code, Sections 924 (c)(1)(A)(i) and (ii) and 2 (Count Nine); narcotics trafficking, in violation of Title 21, United States Code, Section 846 (Count Fourteen); and possession of a firearm in furtherance of a drug trafficking crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Fifteen);

WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 1963, any and all property constituting and derived from proceeds obtained, directly or indirectly, from the racketeering activity alleged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in that the Defendant personally obtained;

WHEREAS, the Indictment included a forfeiture allegation as to Count Fourteen of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, and proceeds obtained, directly or indirectly, as a result of the offense charged in Count Fourteen, and any and all property, used or intended to be used, in any manner or part, to commit or to facilitate the commission of, the offense charged in Count Fourteen, including a sum of money in United States currency representing the amount of proceeds traceable of the offense charged in Count Fourteen of the Indictment;

WHEREAS, on or about May 9, 2024, the Defendant pled guilty to Counts One, Fourteen and Fifteen of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One and Fourteen of the Indictment and agreed to forfeit, to the United States, pursuant to Title 18, United States Code, Section 1963, and Title 21, United States Code, Section 853, any and all property constituting, or derived from, and proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One and Fourteen of the Indictment, and any and all property, used or intended to be used, in any manner or part, to commit or to facilitate the commission of, the offense charged in Count Fourteen, including a sum of money in United States currency representing the amount of proceeds traceable of the offenses charged in Counts One and Fourteen of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $17,500 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Fourteen of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Matthew Podolsky, Acting United States Attorney, Assistant United States Attorney Jennifer N. Ong , of counsel, and the Defendant and his counsel, Donna Newman, Esq., that:

1. As a result of the offenses charged in Counts One and Fourteen of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $17,500 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Fourteen of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant MESSIAH JACKSON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

    4.  The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

    5.  Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

    6.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

    7.  The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINING PAGE LEFT INTENTIONALLY BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:
MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By: _____   4/17/2025
JENNIFER N. ONG                          DATE
Assistant United States Attorney
26 Federal Plaza
New York, NY 10278
(212) 637-2224


MESSIAH JACKSON

By: ____Messiah Jackson by ∂n_____   4/17/2025
MESSIAH JACKSON                          DATE

By: ____Donna R. Newman_____   4/17/2025
DONNA NEWMAN, ESQ.                       DATE
Attorney for Defendant
20 Vesey Street, Suite 400
New York, NY 10007


SO ORDERED:

_____        4/18/2025
HONORABLE PHILIP M. HALPERN              DATE
UNITED STATES DISTRICT JUDGE